Nash, J.
 

 The charge of his Honor affirms a principle, which, we think, cannot be maintained. The instruction to the jury was, that “ notwithstanding the defendants had showed title to the land, upon which the fence stood, yet the plaintiff could recover, if he
 
 had
 
 built
 
 the fence with his
 
 own rails and had possession of the land, and if the defendants took them away.” The action is in trover, in which it is essential to prove property in the plaintiff and a right of possession at the time of the conversion ; and this property may be either absolute or special, and upon the latter an action may be maintained against a wrong doer, but not against the rightful owner.
 
 2
 
 Star, on Ev. 1485. The sole question then, in this case, is, in whom was the legal title to the rails ? in whom was the legal possession ? The fence Was built by the plaintiff on the lana of the defendants, without their consent. It become®, by the act of building, a part of the freehold of the defendants, upon the common laW maxim,
 
 cujus est
 
 solum,
 
 ejus est usque ad coelum.
 
 If thé defendant's had brought an action of ejectment against thé plaintiff for the land, they Would liaVe recovered it, up
 
 *299
 
 on the admitted facts of the case, and, with it, al! that was upon it, constituting a part of the freehold. Could the defendant, in that action, have justified a removal of the fence to land belonging to himself ? Certainly not. Neither, in this case, can the plaintiff maintain this action against the defendants for converting the rails to their use. They, in law, belonged to them, and they had a right to take them in such a way as not to violate the peace.
 
 Murchison
 
 v
 
 White,
 
 8 Ire 52. There cannot be two adversary rights, existing in different persons at the same time.
 

 There was error in his Honqr’s charge, for which the judgtnent is reversed and a
 
 venire de nono
 
 awarded.
 

 Pur
 
 Cunt am. ]
 
 Judgment accordingly.